Of Counsel:
CRONIN, FRIED, SEKIYA,
  KEKINA & FAIRBANKS

DAVID L. FAIRBANKS          735-0
HOWARD G. McPHERSON  5582-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1433
Facsimile:  (808) 536-2073
E-mails:     dfairbanks@croninfried.com
                  hmcpherson@croninfried.com

Attorneys for Plaintiff Sandra Reiter

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANDRA REITER, | ) | Civ. No. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT; SUMMONS |
| | ) | |
| vs. | ) | |
| | ) | |
| HOLO HOLO CHARTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff SANDRA REITER hereby complains against Defendant HOLO

HOLO CHARTERS, INC., and for cause of action alleges as follows:

<u>PRELIMINARY ALLEGATIONS</u>
*(Capacity of the Parties, Jurisdiction & Venue)*

1.      As is hereinafter more fully set forth, the incident which gave rise to this lawsuit is subject to admiralty tort jurisdiction in that it:

    (a)      Occurred upon the navigable waters of the Pacific Ocean, off the Island of Kauai, in the territorial waters of the State of Hawai'i;

    (b)      Had an actual and potential impact on maritime commerce, and;

    (c)      Involved a traditional maritime activity.

This is "an admiralty or maritime claim" within the meaning of Fed.R.Civ.P. 9(h). This Court has subject matter jurisdiction over said claim under 28 U.S.C. § 1333.

2.      At all times material hereto, Plaintiff SANDRA REITER was, and still is, a resident and citizen of the State of California.

3.      At all times material hereto, Defendant HOLO  HOLO CHARTERS, INC. ("HOLO HOLO") is a corporation organized and existing under the laws of the State of Hawaii, that did, and still does, maintain its principal place of business in Eleele, Hawaii, in the County of Kauai.

4.      At all times material hereto, Defendant HOLO HOLO owned, maintained, manned, managed, operated, and controlled the Coast Guard

documented rigid bottom zodiac commonly known as the *Adventurer III,* as a "vessel" in navigation, within the meaning of 1 U.S.C. § 3.

5.     At all times material hereto, the vessel *Adventurer III* was afloat and operating upon the navigable waters of the Pacific Ocean, in the territorial waters of the State of Hawaii, within one marine league of shore.  Plaintiff was then and there a "passenger for hire" within the meaning of 33 CFR §101.105, and a "nonseafarer" within the meaning of *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 n. 2 (1996).

6.     On or about June 8, 2015, Defendant HOLO HOLO entered into a Contract of Carriage with Plaintiff, on the Island of Kauai, whereby it agreed to transport Plaintiff aboard the *Adventure III*, on a voyage between ports of the United States, in that said vessel ferried Plaintiff from Hanalei, Kauai, to a cove on the Na Pali Coast, where the *Adventure III* tied up to a State Department of Land & Natural Resources mooring, disembarked passengers, re-embarked those same passengers, and transported them back to Hanalei.

## OPERATIVE FACTS
### (*The Accident*)

7.     That afternoon, during the return voyage to Hanalei, Plaintiff took a designated passenger seat just abaft the bow of the *Adventure III*.  Once the vessel

_____
Complaint

3

departed the cove where it had been moored, the wind and weather conditions off the Na Pali Coast worsened, as regularly and foreseeably happens in those waters, at that time of day, creating "white caps," and a dangerous head sea for the voyage back to Hanalei.  Instead of slowing down, or feathering those head seas, the master and crew of the *Adventure III* maintained the vessel's course and speed, even though the pitching and pounding became increasingly violent, whence Plaintiff was tossed up, out of her seat, and into the air, and then slammed back down onto it, causing permanent and severe compression injuries to her spine as is hereinafter more fully alleged.

<u>FIRST CAUSE OF ACTION</u>
(*Negligence under the General Maritime Law*)

8.     Plaintiff herewith refers to, and by that reference incorporates as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 7 hereinabove.

9.     This cause of action arises under the provisions of the General Maritime Law of the United States, as set forth in *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959), and  *In re Catalina Cruises, Inc.*, 137 F.3d 1422 (9th Cir. 1998).

10.     Acting through its agents and employees, Defendant HOLO  HOLO then and there carelessly and negligently operated, managed, maintained, crewed, equipped, supervised, navigated and controlled the *Adventurer III* in that, among other things:

(a)     It failed to provide Plaintiff with safe and secure seating;

(b)     It failed to provide Plaintiff with suitable safety instructions;

(c)     It failed to provide Plaintiff with ample or proper safety warnings;

(d)     It failed to determine, foresee, heed, or consider the prevailing wind, weather, and sea conditions; and,

(e)     It violated the International Rules of Navigation, 33 U.S.C. § 1602, including, but not limited to, the "Proper Lookout Rule," Rule 5, and the "Safe  Speed Rule," Rule 6.

11.     As a direct and proximate result of Defendant HOLO  HOLO's hereinabove alleged negligence, Plaintiff was thrown out of her seat, and hurt and injured in her health, strength, and activity, suffering serious and permanent injuries to various parts of her body, including but not limited to a burst fracture of her L-1 vertebra.

12.     As a further direct and proximate result of Defendant HOLO HOLO's negligence, and the injuries caused thereby, Plaintiff has experienced and will continue to experience great physical, nervous, mental, psychological, and emotional pain and suffering, all to her general damage in an amount to be proven at the time of trial.

13.     As a further direct and proximate result of the hereinabove alleged delicts of said Defendant and the injuries caused thereby, Plaintiff was forced to incur, and will continue to be forced to incur in the future, medical, surgical, hospital, pharmaceutical, and therapeutic costs and expenses, all to her special damage in an amount to be proven at the time of trial herein.

14.     As a further direct and proximate result of the delicts of said Defendant and the injuries caused thereby, Plaintiff has lost, and will continue to lose lifetime wages, earnings, earning capacity, work life expectancy, and income, all to her further special damage in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1.     For general and special damages according to proof;

2.     For pre-judgment interest according to the general maritime law;

3.     For the costs of suit herein;

4.      For such other and further relief as the Court may deem proper.

DATED: Honolulu, Hawaii, July 12, 2017.


                              /s/ Howard G. McPherson
                         DAVID L. FAIRBANKS
                         HOWARD G. MCPHERSON
                         Attorneys for Plaintiff Sandra Reiter

Complaint